<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE ALBERTO, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, NEW JERSEY, <br><br> Defendant. | Civil Action No. 24-648 <br><br> **OPINION** <br><br> October 21, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on the City of Newark, New Jersey's ("Defendant") motion to dismiss George Alberto's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 9.) Plaintiff filed a brief in opposition. (ECF 13.)[1] The Court reviewed the Plaintiff's Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is **DENIED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Accordingly, the following facts are taken from Plaintiff's Complaint.

---

[1] Defendant's brief in support of its motion (ECF 9) will be referred to as "Def. Br." Plaintiff's brief in opposition (ECF 13) will be referred to as "Opp." Plaintiffs' Complaint will be referred to as "Compl." (ECF 1.)

1

Plaintiff, a Newark resident, began his career in law enforcement in 1984. (ECF 1, Compl. ¶¶ 15-16.) After serving as an officer for approximately thirty years, Plaintiff retired in December 2013. (*Id.* ¶ 16.) In 2015, Defendant created the Municipal Bailiff position for Class Two police officers, and Plaintiff applied for this role annually starting in 2014; Plaintiff was never denied a commission or an appointment. (*Id.* ¶¶ 17-22.)

On October 19, 2021, Plaintiff joined a wage and hour lawsuit against Defendant alleging overtime pay violations under the Fair Labor Standards Act ("FLSA"). (*Id.* ¶¶ 29-30.) After nearly two years of litigation, a settlement was reached on August 28, 2023. (*Id.* ¶ 32.) Plaintiff signed the Settlement Agreement on September 19, 2023, which included a broad release of claims, including those related to the FLSA. (ECF 9-1, Ex. B. § 7.) The Settlement Agreement required Plaintiff to release all current and future claims against Defendant arising from the facts underlying the lawsuit, even if unknown at the time. (*Id.*) On November 7, 2023, the court dismissed the case. (Compl. ¶ 34.)

On December 17, 2023, Plaintiff applied for a reappointment as a Class Two officer. (*Id.* ¶ 35.) Before filing the federal lawsuit, Plaintiff had always been reappointed. (*Id.* ¶ 36.) On January 1, 2024, Plaintiff was informed that his appointment was rejected. (*Id.* ¶ 37.) Plaintiff alleges the rejection was in retaliation for his FLSA lawsuit. (*Id.* ¶ 38.) Plaintiff alleges that he was never charged with any violation of Newark Police orders, contrary to New Jersey Title 40A governing Class Two officers, and no administrative hearing was held to address his termination. (*Id.* ¶¶ 39-40.)

Plaintiff initiated this action on February 2, 2024, alleging retaliation in violation of the FLSA by Defendant on the basis of Plaintiff's previous FLSA complaint. (*Id.* ¶¶ 49-54.) Plaintiff claims lost job opportunities, income, bonuses, benefits, and other compensation. (*Id.* ¶¶ 41-42.)

Plaintiff seeks punitive damages, alleging a pattern of retaliatory conduct by Defendant. On March 27, 2024, Defendant moved to dismiss. (*See* Def. Br.) Plaintiff filed a brief in opposition on May 20, 2024. (*See* Opp.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.   ANALYSIS

#### A. Retaliation under the FLSA

Defendant asserts that Plaintiff's claims must be dismissed because Plaintiff is contractually precluded from bringing his FLSA claim. The Court disagrees. The basis of Plaintiff's former lawsuit sought a remedy for overtime pay, not for retaliation. (*See* ECF 9-1, Ex. A.) The instant action does not arise from the same facts that informed Plaintiff's prior complaint alleging overtime pay violations. Here, the claim is for retaliation under the FLSA.

As a threshold matter, to establish a prima facie case of retaliation under the FLSA, a plaintiff must show: (1) participation in an activity protected by the FLSA; (2) an adverse employment action taken by the employer; and (3) a causal connection between the protected activity and the employer's adverse action. *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007). The FLSA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related" to the FLSA. 29 U.S.C. § 215(a)(3).

Here, Plaintiff alleges a cognizable retaliation claim under Section 215(a)(3) of the FLSA. *See Stewart v. Pemberton Twp.*, No. 14-6810, 2016 LEXIS 81733, at *5 (D.N.J. June 23, 2016). Plaintiff alleges that Defendant was his employer, Plaintiff had settled his prior lawsuit, Defendant rejected Plaintiff's application for reappointment less than two months after his prior wage and hour suit was settled, and Defendant never charged Plaintiff with any violation of Newark Police orders or held an administrative hearing to address his termination. (Compl. ¶¶ 32-40, 50-51.) This Court is obligated to accept Plaintiff's allegations as true and draw all reasonable inferences from Plaintiff's Complaint. *See Rocks*, 868 F.2d at 645. At this stage, Plaintiff has successfully pled the elements of a prima facie case of retaliation under the FLSA.

Defendant asserts that Plaintiff's FLSA claim fails because Plaintiff contractually released Defendant from all present or future claims arising out of the FLSA when he executed the Settlement Agreement for the wage and hour suit. (Def. Br. at 3.) Defendant relies on basic principles of contract law and argues that the Settlement Agreement's all-inclusive provisions provide a clear indication that Plaintiff released all potential claims against Defendant because they arose out of incidents forming the basis of the prior litigation. (*Id.* at 4-5.) Plaintiff, however, argues that the basis of his prior FLSA suit sought a remedy for overtime pay. (Opp. at 4.) The Court agrees; Plaintiff's retaliation claim should not be precluded because it stems from a new set of operative facts that do not arise from Plaintiff's prior overtime complaint and settlement. A release of future claims is dependent upon the operative facts being identical. Here, Plaintiff alleges and pleads a claim for retaliation based on a separate and distinct factual premise. Accordingly, Defendant's motion to dismiss is **DENIED**.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **DENIED**. An appropriate order accompanies this opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     André M. Espinosa, U.S.M.J.
        Parties